ANNIE KEITH GAINER
*vs.*
CLAYTON L. MARSHALL ET AL.

Superior Court          Fairfield County          File No. 63500

MEMORANDUM FILED JULY 2, 1942.

*Tammany & Connery,* of South Norwalk, for the Plaintiff.

*J. Richard Fay,* of South Norwalk, for the Defendant.

Memorandum of decision in action to foreclose mortgage and to recover on note secured by same mortgage.

BOOTH, J. The complaint sets forth two causes of action; one is to foreclose a mortgage which is alleged to exist upon real estate now in possession of the defendants as executors of the estate of Cramer Hagerman, and the other is to recover of the defendants as such executors the amount due upon the note secured by the aforesaid mortgage.

The facts found by the court or admitted by the pleadings are in substance that on August 2, 1928, one Harold W. Austin, for value received, issued to one Eric Rackel his note for $2,000 payable five years after date with interest at six per cent per annum payable semi-annually. To secure the payment of this note Austin mortgaged to Rackel certain real estate described in the complaint. The above note and mortgage by various assignments and transfers came to the plaintiff, who is now the owner and holder thereof.

On August 2, 1928, Austin, for value received, issued to the defendants' testator, Cramer Hagerman, his note for $1,500, and to secure its payment Austin mortgaged to Hagerman the same property above referred to but subject to the aforesaid Rackel mortgage.

In 1932 Hagerman foreclosed this second mortgage and on May 27, 1932, by virtue of a foreclosure judgment, obtained absolute title to the property subject only to Rackel's first mortgage but failed to record the certificate of foreclosure during his lifetime although he entered into possession of the

property and there remained until his death, which occurred on December 9, 1940, after which and on February 13, 1941, the defendants, as executors of his will, caused the aforesaid certificate to be recorded since which time they as executors have been in possession of the premises.

During the time the defendants' testator remained in possession of the property, to wit, from May 27, 1932, until December 9, 1940, he received the rents and income therefrom and paid a substantial portion of the taxes and water bills assessed against the property as well as a substantial portion of the interest payable upon the first mortgage.

On several occasions the plaintiff, either acting for herself or her mother, who was her immediate predecessor in title to the Austin note and mortgage, claims she requested the defendants' testator to pay the principal of the aforesaid mortgage, but the court cannot find from the evidence that he ever promised so to do. The evidence offered upon this last feature consisted solely of the testimony of the plaintiff as to what the defendants' testator said to her during his lifetime when she claims she asked him to pay the principal of her mortgage. The replies which she claims he made in respect to her claimed requests, even assuming they were in fact made as she claims, failed to impress the court as constituting a promise on his part to assume the principal of the Austin mortgage but were rather excuses for not paying the interest promptly.

Of course the primary obligation to pay the first mortgage note in question rested upon Austin, the maker thereof, and unless the defendants' testator during his lifetime, or the defendants as executors of his estate after his death, assumed Austin's obligation, no liability to pay the same would rest upon the defendants. In order to create such liability it must appear that Austin's obligation was assumed by the defendants or their testator in conformity with the Statute of Frauds or that because of some conduct on the part of the defendants or their testator the Statute of Frauds has no application.

The claim of the plaintiff is that the defendants' testator by his statements to her impliedly assumed Austin's debt to her or that by his conduct in appropriating the income from the property to uses other than those of paying all of the taxes and all of the first mortgage interest chargeable against the property, he is estopped from denying that he assumed the

principal of the Austin note and consequently that the Statute of Frauds has no application to the situation. The evidence, however, fails to sustain either of these claims.

In the first place, it is found, as previously stated, that the defendants' testator never promised to pay the principal of the Austin note, and in the second place, it is found that while the defendants' real estate expert was of the opinion that the potential rental value of the property was $30 monthly, there was no evidence as to what income the property actually produced during the period that the defendants' testator was in possession thereof; hence whether he appropriated any of the income to purposes other than those of paying taxes and mortgage interest charges against the property does not appear.

Such being the situation it seems obvious that the Statute of Frauds is applicable and as the evidence fails to disclose conformity thereto by the defendants or their testator it must be concluded that as against the defendants the plaintiff's right to recover a money judgment based upon the primary obligation of the Austin note is barred by such statute. This primary obligation was to pay $2,000, and as no interest has been paid thereon since August 1, 1940, the total amount of principal and interest to date is found to be $2,230.

The plaintiff claims that there should be added thereto $775.78, which is the amount of unpaid taxes and water charges assessed against the property by the City of Norwalk in the name of Austin since the defendants' testator acquired title thereto on May 27, 1932.

The only authority by which taxes and assessments may be included in a mortgage debt is section 5081 of the General Statutes, Revision of 1930. This section, however, permits such addition only in the event that such taxes or assessments are paid by the mortgages. In the present case there is no evidence that the plaintiff as mortgagee ever paid any of the taxes or water charges involved in the claimed figure of $775.78. Indeed, the evidence is quite to the contrary. Further, as above set out, the defendants do not owe the plaintiff the debt secured by the mortgage in question, hence there is no debt against these defendants to which the claimed charges may be added under section 5081.

As pointed out in the memorandum filed by Judge Inglis on a demurrer to the complaint, if Austin had seen fit to pay

the amount of taxes assessed against the property in his name during the period which Hagerman withheld the recording of his certificate of foreclosure of his second mortgage, he (Austin) might, by virtue of section 1145 of the General Statutes, Revision of 1930, have recovered of Hagerman double the amount of such payment, and if the plaintiff had been forced to pay such taxes in order to protect her mortgage she might well be subrogated to Austin's rights, but as the evidence fails to disclose any such payment by either Austin or the plaintiff, the addition thereof to the mortgage debt would be contrary to law.

Also as pointed out by Judge Inglis, the liens for water charges during the aforesaid period are not within the terms of section 1145, and as no other statutory authority exists which grants the right to add such to a mortgage debt, particularly where no payment has been made by the mortgagee, no recovery by such mortgagee may be had therefor as against the executors of the estate of a subsequent title holder such as the defendants' testator.

Under the circumstances, then, it is held that the plaintiff is not entitled to have added to her mortgage debt the amount of unpaid taxes and water charges in question and that the total amount of such debt is $2,230.

While the defendants are not legally liable for such debt, as above stated, and consequently are not liable for any deficiency which may exist between the amount of the plaintiff's mortgage debt and the value of the property which secures it, they are concededly in the possession of such property. They cannot, of course, deprive the plaintiff of her right as against them to possess the property through foreclosure proceedings unless they were willing to redeem it by paying to the plaintiff the amount of her mortgage debt. They may choose to redeem or they may choose to allow the plaintiff to appropriate the property to the payment of her debt, but in any event the plaintiff has the right to foreclose the defendants' interests and the defendants have the right to redeem the same even though no primary liability rests upon the defendants in so far as the mortgage debt is concerned.

It must be remembered that Austin, the maker of the note in question, is not a party to this suit, nor are the heirs of Hagerman, if any there are; hence any judgment rendered herein affects only the rights of the plaintiff and the named

defendants as executors of the Hagerman estate.

In view of all of the foregoing it is found that the plaintiff is not entitled to recover a money judgment against the defendants or to a deficiency judgment under her mortgage. Judgment of foreclosure may however enter in favor of the plaintiff and as against the defendants and for the purposes of redemption only the plaintiff's mortgage debt is fixed at $2,230 and the law day for such redemption by the defendants is fixed as the 4th day of August, 1942.