[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
"An [a]dverse party, by affidavit or as otherwise provided by Practice Book § 17-45 must set forth specific facts showing that there is a genuine issue for trial, and if he does not so respond, summary judgment shall be entered against him. . . . moreover, mere conclusions are insufficient. . . ." (Citation omitted; Emphasis added.). CHFA v. John Fitch Court Associates,LTD. Partnership, 49 Conn. App. 142, 148 (1998).
Each of the defendant's special defenses are conclusory and are devoid any issuable facts whatsoever. Novametrix MedicalSystems v. BOC Group, 224 Conn. 210, 215 (1992). Labels do not make special defenses, facts do. P.B. § 10-1.
Moreover, the defendant has offered no documentary proof in opposition. The affidavit of Peter Doyle relates entirely to events of alleged misconduct by the plaintiff which occurred long after the making of the note. In fact, it is obvious that the defendant neither was the maker of the note and mortgage nor does the defendant stand in the shoes of the mortgagor. While such conduct may be actionable in another proceeding it is no defense to a foreclosure. There is no genuine of issue of material fact or law as to the plaintiff's entitlement to judgment. The defendant has offered the court no legal authority to support its attempt to assert the rights of the mortgagor. Roger J. Thibodau. The defendant's rights are narrowly circumscribed and do not include the ability to assert the rights of the mortgagor. Gainer v. Marshall, 11 Conn. Sup. 454, 459
(1942). Even if the defendant were to possess such right the affidavit of Roger J. Thibodau defeats such attempt. The motion is granted as to liability.
THE COURT,
Mottolese, Judge CT Page 14456